O

# United States District Court
# Central District of California

| | |
|---|---|
| JOSE MEDARDO RODRIGUEZ and CLAUDIA SANCHEZ,<br><br>        Plaintiffs,<br><br>    v.<br><br>FEDERAL NATIONAL MORTGAGE ASSOCIATION; BRISTOL ASSOCIATES, LLC; DENISE ANAYA; FERNANDO RIOS; PROFESSIONAL PROTECTION GROUP; TUAN LE, AMY ESTHER MCALLISTER; CONTINENTAL FINANCIAL NETWORK; THE FOREMOST LAW; RHONDA K. WALKER; and DOES 1-10, inclusive,<br><br>        Defendants. | Case № 2:15-cv-04890-ODW-AGR<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [22]** |

## I.   INTRODUCTION

Presently before the Court is Defendant Federal National Mortgage Association's ("FNMA") Motion to Dismiss Complaint. (ECF No. 22.) Because

Plaintiffs Jose Medaro Rodriguez and Claudia Sanchez ("Plaintiffs") have not filed any opposition, and for the reasons discussed in Defendant's papers, the Court **GRANTS** Defendant's Motion.[1]

## II. FACTUAL BACKGROUND

This case arises out of a defaulted mortgage loan, subsequent foreclosure, and related efforts to avoid and remedy the foreclosure of Plaintiff Rodriguez's property. (Mot. 3.) Plaintiffs filed this action on June 29, 2015. (ECF No. 1; "Compl.") FNMA filed the present Motion to Dismiss on September 14, 2015. (ECF No. 22.) Plaintiff Rodriguez filed a request to extend his time to respond to FNMA's Motion, which was granted by the Court. (ECF Nos. 26, 28.) The Court ordered that an Opposition be filed by October 26, 2015. (ECF No. 28.) To date, no Opposition has been filed.

## III. LEGAL STANDARD

A court may dismiss a complaint under Rule 12(b)(6) for lack of a cognizable legal theory or insufficient facts pleaded to support an otherwise cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To survive a dismissal motion, a complaint need only satisfy the minimal notice pleading requirements of Rule 8(a)(2)—a short and plain statement of the claim. *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003). The factual "allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). That is, the complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The determination whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. A court is generally limited to the

---

[1] After carefully considering the papers filed in support of the Motion, the Court deems the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15.

pleadings and must construe all "factual allegations set forth in the complaint . . . as true and . . . in the light most favorable" to the plaintiff. *Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001). But a court need not blindly accept conclusory allegations, unwarranted deductions of fact, and unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

### IV. DISCUSSION

Central District of California Local Rule 7-9 requires an opposing party to file an opposition to any motion at least twenty-one (21) days prior to the date designated for hearing the motion. C.D. Cal. L.R. 7-9. Additionally, Local Rule 7-12 provides that "[t]he failure to file any required paper, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion." C.D. Cal. L.R. 7-12.

FNMA's Motion to Dismiss was set for October 19, 2015. The Court granted an extension of time to file an Opposition, ordering that one be filed by October 26, 2015. (ECF No. 28.) To date, no Opposition has been filed. Plaintiffs have failed to comply with Local Rule 7-9, and pursuant to Local Rule 7-12, that failure will be deemed consent to granting of the motion. *Enders v. Countrywide Home Loans, Inc.*, No. C 09-3213SBA, 2009 WL 4018512, at *2 (N.D. Cal. Nov. 16, 2009) ("The Ninth Circuit has held that the failure to file an opposition to a motion to dismiss is grounds for granting the motion." (quoting *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995)).

Plaintiffs' Complaint alleges nine varying causes of action against ten defendants. (Compl. ¶¶ 5 – 14.) Although the actions alleged in the Complaint may give rise to a plausible claim against several of the named defendants, they do not allow for a claim against FNMA. There are no facts plead involving FNMA, and only scant conclusions doing so. Further, many of the claims alleged do not differentiate between defendants, and the actions stated cannot be properly attributed to any single defendant, especially not FNMA.

The Court finds that Plaintiffs' failure to oppose the motion to dismiss is in effect a concession that those claims lack merit. As a result, dismissal of those claims

without leave to amend is appropriate.

## V.   CONCLUSION

For the reasons discussed above, the Court **GRANTS** Defendant Federal National Mortgage Association's Motion to Dismiss without leave to amend. (ECF No. 22.)

**IT IS SO ORDERED.**

December 29, 2015

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**