O

# United States District Court
# Central District of California

| | |
|---|---|
| JOSE MEDARDO RODRIGUEZ and CLAUDIA SANCHEZ,<br><br>                Plaintiffs,<br><br>    v.<br><br>FEDERAL NATIONAL MORTGAGE ASSOCIATION; BRISTOL ASSOCIATES, LLC; DENISE ANAYA; FERNANDO RIOS; PROFESSIONAL PROTECTION GROUP; TUAN LE, AMY ESTHER MCALLISTER; CONTINENTAL FINANCIAL NETWORK; THE FOREMOST LAW; RHONDA K. WALKER; and DOES 1-10, inclusive,<br><br>                Defendants. | Case № 2:15-cv-04890-ODW-AGR<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS [12]** |

## I. INTRODUCTION

Presently before the Court is Defendants Tuan Le, Amy Esther McAlister, The Foremost Law Group, and Rhonda K. Walker's (collectively, "Defendants") Motion to Dismiss Complaint. (ECF No. 12.) For the reasons discussed in Defendants' papers, the Court **GRANTS** Defendants' Motion.[1]

## II. FACTUAL BACKGROUND

This case arises out of a defaulted mortgage loan, subsequent foreclosure, and related efforts to avoid and remedy the foreclosure of Plaintiff Rodriguez's property. (Mot. 3.) Plaintiffs filed this action on June 29, 2015. (ECF No. 1; "Compl.") Defendants filed the present Motion to Dismiss on August 3, 2015. (ECF No. 12.) A timely Opposition and Reply were filed. (ECF Nos. 18, 20.)

Defendant Tuan Le is an office manager for the Foremost Law Group, Defendant Rhonda Walker is of counsel to this law firm and did not represent the Plaintiffs in any matter at any time, and Defendant Amy Esther McAlister specially appeared on behalf of the Foremost Law Group to represent the Plaintiffs at one hearing in an unlawful detainer action. (Mtn., Decl. Le ¶1; Mtn., Decl. Walker ¶3; Mtn., Decl. McCallister ¶2.) Defendant Foremost Law Group is a California law firm that Plaintiffs retained to represent them at an unlawful detainer hearing. (Mtn., Decl. McCallister ¶2.)

## III. LEGAL STANDARD

A court may dismiss a complaint under Rule 12(b)(6) for lack of a cognizable legal theory or insufficient facts pleaded to support an otherwise cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To survive a dismissal motion, a complaint need only satisfy the minimal notice pleading requirements of Rule 8(a)(2)—a short and plain statement of the claim. *Porter v.*

---

[1] After carefully considering the papers filed in support of the Motion, the Court deems the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15.

*Jones*, 319 F.3d 483, 494 (9th Cir. 2003). The factual "allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). That is, the complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The determination whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. A court is generally limited to the pleadings and must construe all "factual allegations set forth in the complaint . . . as true and . . . in the light most favorable" to the plaintiff. *Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001). But a court need not blindly accept conclusory allegations, unwarranted deductions of fact, and unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

## IV. DISCUSSION

Defendants seek to dismiss Plaintiffs' Complaint on three separate grounds: (1) Plaintiffs failed to establish grounds for federal question jurisdiction, (2) Plaintiffs failed to state a viable claim against Defendants, and (3) Plaintiffs have not successfully asserted diversity jurisdiction. (Mot. 2-5.)

Plaintiffs did not submit any substantive argument in opposition to any of the points that Defendants raised, and their Opposition does little more than regurgitate alleged violations of the Fair Debt Collection Practice Act by different lending institutions. (ECF No. 18.) In the Opposition, Plaintiffs failed to create *any* nexus between Defendants and the allegations/defenses stated therein. (*Id.*) The failure to substantively oppose a motion to dismiss can be "construed as a waiver or abandonment of those issues warranting dismissal of [those] claims." *Shorter v. Los Angeles Unified Sch. Dist.*, No. CV 13-3198 ABC AJW, 2013 WL 6331204, at *5 (C.D. Cal. Dec. 4, 2013); *see also, e.g., Walsh v. Nev. Dep't of Human Res.*, 471 F.3d 1033, 1037 (9th Cir. 2006) ("Without any 'overture to the district court to suggest that

[the plaintiff] had a continuing interest in pursuing [a claim after the defendant filed a motion to dismiss that claim] the district court had no reason to consider the contention that the claim . . . could not be dismissed.'" (citation omitted)); *Conservation Force v. Salazar*, 677 F. Supp. 2d 1203, 1211 (N.D. Cal. 2009) ("Where plaintiffs fail to provide a defense for a claim in opposition, the claim is deemed waived." (citing *Pers. Elec. Transports, Inc. v. Office of U.S. Tr.*, 313 F. App'x 51, 52 (9th Cir. 2009))), *aff'd*, 646 F.3d 1240 (9th Cir. 2011); *Hopkins v. Women's Div., Gen. Bd. of Global Ministries,* 238 F. Supp. 2d 174, 178 (D.D.C. 2002) ("[W]hen a plaintiff files an opposition to a motion to dismiss addressing only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded.").

The Foremost Law Group, and the Defendants bringing this Motion, were retained to represent Plaintiffs at a single unlawful detainer hearing. (Mtn., Decl. McCallister ¶2.) Defendants provided no other services to Plaintiffs. (*Id.* at ¶4.) Plaintiffs failed to make any specific allegations against these Defendants in the Complaint and then failed to submit any substantive arguments in opposition to Defendants' Motion.

The Court finds that Plaintiffs' failure to provide a defense to their claims in opposition to the motion to dismiss is in effect a concession that those claims lack merit. As a result, dismissal of those claims without leave to amend is appropriate.

///
///
///

## V. CONCLUSION

For the reasons discussed above, the Court **GRANTS** Defendants Tuan Le, Amy Esther McAlister, The Foremost Law Group, and Rhonda K. Walker's Motion to Dismiss Complaint without leave to amend. (ECF No. 12.)

**IT IS SO ORDERED.**

December 29, 2015

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**